b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GREGORY LAMONT MEANS** | **CIVIL ACTION 1:18-CV-00140** |
| **VERSUS** | **JUDGE DRELL** |
| **MITCHEL STEPHEN, et al.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Defendants filed an unopposed Motion for Summary Judgment (Doc. 23). Because Plaintiff Gregory Lamont Means ("Means") failed to state a claim cognizable under §1983 for verbal abuse or for violations of the Prison Rape Elimination Act of 2003, 34 U.S.C. § 30301, et seq. and 28 C.F.R. § 115.5, et seq. ("PREA"), and failed to exhaust his administrative remedies as to his claim of excessive force, Defendants' Motion should be GRANTED and Means' action should be DISMISSED.

I.  Background

Means filed a *pro se* civil rights complaint (Docs. 1, 8), *in forma pauperis*, pursuant to 42 U.S.C. § 1983. The named defendants are Seargent Mitchell Stephen ("Stephen"), Captain William Eastering ("Eastering"), Lieutenant Sammy Lemoine ("Sammy Lemoine"), Seargent Shannon Lemoine ("Shannon Lemoine"), Seargent Johnson ("Johnson"), and Captain Myers ("Myers"), all of whom are employed at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana.

Means appears to make three claims in his complaint. Means contends that, in January 2018: (1) Defendants used excessive force against him (maced, slapped, stomped, kicked, and punched him); (2) Defendants verbally abused him; and (3)

Defendants prevented him from filing a grievance concerning a sexual assault pursuant to the PREA. Means seeks monetary damages. Means is presently incarcerated at RLCC.

Defendants answered the complaint (Docs. 18, 19) and filed a Motion for Summary Judgment (Doc. 23). Means did not respond to that Motion.

A.  **Standards governing the Motion for Summary Judgment generally.**

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" See Hefren v. McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to

---

[1] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

the non-movant.  See Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).  However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. See Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

### B. Means's PREA claim does not allege a cause of action for the violation of a constitutional right.

Means contends Defendants prevented him from filing a grievance concerning a sexual assault pursuant to the PREA.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  See 42 U.S.C. §1983.  The PREA was enacted in an effort to reduce the occurrence of rapes in prisons by developing and implementing national standards and "increas[ing] the accountability of prison officials who fail to detect, prevent, reduce, and punish prison rape."  42 U.S.C. §§ 15602, 15605.  The PREA does not create a private cause of action or a federal right enforceable in a § 1983 action.  See Krieg v. Steele, 599 Fed. Appx. 231, 232 (5th Cir. 2015), cert. den., 136 S. Ct. 238 (U.S. 2015).  Therefore, Means's claim of a PREA violation claim is not cognizable under § 1983.

Since there are no genuine issues of material fact, Defendants' unrefuted Motion for Summary Judgment (Doc. 23) should be granted as to the PREA claim.

### C. Means' claim of verbal abuse should also be dismissed for failure to state a claim cognizable under § 1983.

Means complains Defendants verbally abused him, including racial slurs.

Verbal abuse, by itself, does not violate a plaintiff's constitutional rights. See Randolph v. London, 400 Fed. Appx. 894, 896 (5th Cir. 2010); Harvey v. Stalder, 130 Fed. Appx. 654, 654 (5th Cir. 2005), cert. den., 546 U.S. 839 (2005). Therefore, Means' claim of verbal abuse does not state a claim cognizable under § 1983.

Since there are no genuine issues of material fact, Defendants' unrefuted Motion for Summary Judgment (Doc. 23) should be granted as to the claim of verbal abuse.

### D. Means's excessive force claim should be dismissed for lack of exhaustion.

Defendants contend Means failed to exhaust his administrative remedies.

"No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. See Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Resort to a prison grievance process must precede resort to a court. See Porter, 534 U.S. at 529.

The exhaustion requirement imposed by amended § 1997e is not jurisdictional. Woodford v. Ngo, 548 U.S. 81, 101 (2006). However, the Fifth Circuit held in Gonzalez

4

v. Seal, 702 F.3d 785, 788 (5th Cir. 2012), that exhaustion is mandatory and district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint; a case must be dismissed if available administrative remedies were not exhausted.

Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact.  See Dillon, 596 F.3d at 266 (citing Carty v. Thaler, 583 F.3d 244, 252 (5th Cir. 2009), cert. den., 559 U.S. 1106 (2010)).  While it is a question of law whether administrative remedies qualify as being "available" under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact.  See Dillon, 596 F.3d at 266 (citing Snider v. Melindez, 199 F.3d 108, 113–14 (2d Cir. 1999)).

Since exhaustion is an affirmative defense, the burden is on the defendants to demonstrate that Means failed to exhaust available administrative remedies.  See Jones, 549 U.S. at 216.  Defendants must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor.  See Dillon, 596 F.3d at 266 (citing Martin v. Alamo Community College District, 353 F.3d 409, 412 (5th Cir. 2003)).

It is the prison's requirements, not the Prison Litigation Reform Act of 1995, 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e, *et seq.*, that define the requirements of exhaustion.  See Kidd v. Livingston, 463 Fed. Appx. 311, 313 (5th Cir. 2012), cert. den., 567 U.S. 939 (2012) (citing Jones, 549 U.S. at 218).  The grievance procedures applicable in Louisiana Department of Corrections facilities are set forth in the Louisiana Administrative Code at L.A.C. 22:1.325.  Since Defendants

have not set forth the exhaustion requirements for RLCC,[2] the Court assumes the RLCC adopted the grievance procedures set forth in the Louisiana Administrative Code.

The first step ARP request is filed with the Warden. See L.A.C. 22:1.325(J)(1). If that grievance is rejected or not responded to within the time allotted, the prisoner may file a second step grievance with the Secretary of the Department of Public Safety and Corrections. See L.A.C. 22:1.325(J)(1)(b).

Defendants show that, on January 6-7, 2018, Means filed a first-step grievance alleging a sexual assault because he woke to find his cell mate masturbating while watching "Jerry Springer" on television (Doc. 23-3, p. 3/5). Means contended he reported the incident to the guards and complained his cellmate was a sexual predator. Means alleged the guards ignored his complaint, then verbally abused him and beat him. (Doc. 23-3, pp. 3-5/5). That grievance was rejected by the warden because it contained "multiple issues" including a complaint of sexual abuse. (Doc. 23-3, pp. 2 & 3/5). L.A.C. 22:1.325(I)(1)(g) specifically provides for that situation: "If a request is rejected, it must be for one of the following reasons…(g) The offender has requested a remedy for more than one incident (a multiple complaint) unless the request is a report of an allegation of sexual abuse." Therefore, the Warden erred in rejecting Means's grievance on that ground.

Means filed another first-step grievance on January 15, 2018, complaining about interference with his complaint regarding sexual assault and verbal abuse.

---

[2] Defendants set forth the exhaustion procedures for Elayn Hunt Correctional Center, which is not involved in this case.

(Doc. 1, Doc. 23-4, p. 3/4). Means appears to contend he tried to mail a PREA grievance to the regional office and that guards (Defendants) interfered and took it out of the mail. Defendants show that Means attempted to withdraw that ARP, although the form required him to provide a specific reason for withdrawing it and two witness signatures (at least one a supervisor). (Doc. 23-4, p. 4/4). According to Defendants' brief, Means withdrew that grievance. However, Means never provided a specific reason for withdrawing the grievance and only had one witness signature. There are no documents showing Means's grievance was actually withdrawn.

In any event, the nature of Means's complaint in that grievance–interference by the guards with his outgoing mail (his PREA grievance)–explains why Means failed to exhaust the issues of his PREA grievance and verbal abuse. As discussed above, Means does not have causes of action pursuant to PREA or for verbal abuse. Therefore, the issue of exhaustion of those claims is moot.

Means filed a first-step grievance on February 24, 2018, concerning an attack on Means by another inmate in retaliation for Means having filed grievances alleging sexual assault. (Doc. 23-5, p. 3/13). The warden investigated that grievance and found the attack had occurred (Means' jaw was broken), but found no evidence to support his claims that, in January 2018, he had been sexually assaulted and had told the guards about it. (Doc. 23-5, pp. 4-12/13).

Means filed a second first-step grievance on February 24, 2018, alleging Defendants failed to protect him from the attack by another inmate in retaliation for his having filed a PREA grievance. (Doc. 23-6, p. 3/3). That grievance was rejected

7

by the warden without a reason given (Doc. 23-3, pp.1-2/3), in violation of L.A.C. 22:1.325(I)(1)(a)(ii).[3]

Therefore, Means attempted to exhaust his administrative remedies as to his excessive force claim in the grievance filed on January 6-7, 2018. That grievance was improperly rejected by the warden. However, Means did not proceed to the second step of the grievance process. While it is likely that the grievance Means contends the guards removed from the outgoing mail was his second step grievance (see the grievance of January 15, 2018), Means does not allege he complained of being beaten in that second step grievance. Instead, he alleges it held complaints of sexual assault and verbal abuse. Therefore, even given the allegations that the guards interfered with his outgoing mail by removing his second-step grievance, it does not appear that Means exhausted, or attempted to exhaust, his administrative remedies concerning his excessive force claim.

Because Defendants' unrefuted evidence shows that Means did not exhaust his administrative remedies as to his excessive force claim, there are no genuine issues of material fact that preclude a summary judgment. Defendants' Motion for Summary Judgment (Doc. 23) should be granted on the excessive force claim.

III. Conclusion

Because Means failed to state a cognizable PREA claim or a claim for verbal abuse, and failed to exhaust his administrative remedies as to his excessive force claim, IT IS RECOMMENDED that Defendants' unrefuted Motion for Summary

---

[3] "(ii) If a request is rejected, it must be for one of the following reasons, which shall be noted on the request for administrative remedy or on the offender's written letter."

Judgment (Doc. 23) be GRANTED, and Means's action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana on this __31st__ day of January, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge